In the Matter of UNITED STATES ABATEMENT CORPORATION, a/k/a USA Corporation, Debtor.

**Bankruptcy No. 92–11123–JAB.**

United States Bankruptcy Court,
E.D. Louisiana.

March 26, 1993.

Richard W. Martinez, Tranchina & Martinez, New Orleans, LA, for U.S. Abatement Corp.

S. Gene Fendler, Phillip K. Jones, James D. McMichael, Liskow & Lewis, New Orleans, LA, for Mobil Exploration and Producing, Inc.

### REASONS·FOR ORDER

JERRY A. BROWN, Bankruptcy Judge.

Mobil Exploration & Producing U.S. Inc., Mobil Exploration & Producing Southeast Inc., Mobil Exploration & Producing North America Inc., Liskow & Lewis, and James McMichael (collectively "Mobil") move the Court to reconsider the Order of Contempt issued on February 5, 1993, 150 B.R. 381. United States Abatement Corp. ("USA") opposes the motion. Following oral argument on March 19, 1993, the matter was taken under advisement.

The Order of Contempt and Memorandum Opinion signed on February 5, 1993, held the movers in civil contempt for violating the automatic stay provisions of 11 U.S.C. § 362. (Pl. 259). The basis for the contempt was Mobil's filing of a motion to reinstate USA's counterclaim against Mobil and for summary judgment dismissing USA's counterclaim against Mobil ("motion to reinstate") in the District Court for the Eastern District of Louisiana ("District Court") in violation of the automatic stay. (Pl. 258). Mobil contends reconsideration is appropriate because Mobil requested the District Court, a court of competent jurisdiction, to determine whether the motion for reinstatement would violate the automatic stay.

The Court is not convinced that reconsideration based upon this argument is appropriate. As discussed in the original memorandum opinion, Mobil's motion to reinstate was filed not just after imposition of the automatic stay, but also after entry of this Court's Order of April 22, 1992, denying Mobil's motion for modification of the automatic stay from which Mobil appealed to the District Court on April 29, 1993. *See* Pl. 258, *Memorandum Opinion*, pp. 3–8. The cases cited by Mobil arguing the concurrent jurisdiction of the District Court to determine whether the automatic stay was violated do not involve a situation in which a motion to modify or lift stay had already been denied by the bankruptcy court. *See* Pl. 262, *Motion for Reconsideration of Order of Contempt,* Ex. A, pp. 12–15.

However, reconsideration is appropriate based upon statements made by USA in the memorandum in support of reinstatement of the case ("memorandum in support of reinstatement") filed with the District Court on April 30, 1992. *See Memorandum Opinion,* p. 2. USA filed this memorandum in response to a request for briefing by the District Court as to whether the district court case should be reinstated after it had been closed for administrative purposes. USA's memorandum stated:

> The debtor's pre-petition counterclaim against a creditor is not automatically stayed pursuant to 11 U.S.C. § 362(a)(1), see *Merchants & Farmers Bank of Dumas, Ark. v. Hill,* 122 B.R. 539 (Bkrtcy. E.D.Ark.1990).

*This Court should allow the reinstatement of the case for the continuation of all lien claimants, including USA at its option to pursue its lien claim in this matter.*

(emphasis added). Memorandum in Support of Reinstatement, pp. 8–10. USA's memorandum concluded as follows:

The debtor may proceed against other parties as causes of action existing prepetition for and to the benefit of the bankrupt estate are not stayed by 11 U.S.C. § 362.

Therefore, Mobil should finally face the unavoidable consequence of its action. . . . Mobil is subject to *actions by USA as those actions are not stayed* . . .

Mobil has caused the bankruptcy of USA. *Mobil should not be allowed to continue to drag this matter out* and cause the potential bankruptcy of other small lien claimants who are similarly situated to USA. The parties (USA and the lien claimants) provided services, resources and/or materials to Mobil for and on behalf of Mobil at Mobil's request. Therefore, this matter *should be reinstated* to prevent any further economic damage to *all parties.* The case should be reinstated.

Memorandum in Support of Reinstatement, pp. 11–12. USA did not explicitly state in its memorandum that it would take action to pursue its counterclaim against Mobil, but it implied as much by stating it would proceed "at its option". A fair reading of the memorandum justified Mobil's inference that USA intended to proceed with its counterclaim. At the very least, the memorandum suggested to Mobil that USA would not try to claim Mobil was in violation of the automatic stay if it filed the motion to reinstate.

■ The automatic stay does not apply to an action by the debtor in which the debtor is in an offensive posture; the automatic stay only operates in actions where the debtor is in a defensive posture. *Boone v. Beacon Building Corp.,* 613 F.Supp. 1151 (D.N.J.1985); *In re Bona,* 110 B.R. 1012 (Bankr.S.D.N.Y.1990).

Indeed, the case of *Merchants & Farmers Bank v. Hill,* 122 B.R. 539 (D.Ark. 1990), cited by USA in its memorandum in support of reinstatement, held that a counterclaim filed by a defendant who subsequently filed for bankruptcy was not affected by the Section 362 automatic stay. In that case, the debtor filed for bankruptcy protection two days before a trial scheduled in federal district court for the obvious purpose of avoiding the trial. The Court stated:

[T]he provision of the automatic stay, as well as its underlying rationale, is inapplicable to suits by a debtor. When the tables are turned and it is the debtor who is asserting the claim, the policy concerns supporting the stay are no longer relevant. The protections for the debtor under the Bankruptcy Code operate as a shield not a sword.

122 B.R. at 546. The court granted the plaintiff's motion to dismiss the debtors' counterclaim with prejudice, and rejected the debtors' argument that they should not be pressured to proceed to trial on their counterclaim.

USA argues that it had unilateral control to determine whether to proceed in District Court on its counterclaim. This argument was rejected by the *Merchants & Farmers Bank* Court. USA may be able to distinguish the *Merchants & Farmers Bank* because USA did not file for bankruptcy protection in order to avoid a trial date in the District Court. Instead, USA eventually elected to proceed with its claims against Mobil in adversary proceedings pending before this Court, rather than on the counterclaim against Mobil filed by USA in the District Court.

At the time the memorandum in support of reinstatement was filed, however, USA argued forcefully that the automatic stay did not apply to its counterclaim, and that it could proceed with the counterclaim in the District Court "at its option". USA cited the *Merchants & Farmers Bank* decision in support of this proposition. Considering the issue from the viewpoint of Mobil's counsel at the time of the filing of USA's memorandum in support of rein-

statement, the Court finds that Mobil could have reasonably concluded that USA was going to go forward with its counterclaim in District Court. Thus, Mobil's actions in filing the motion for reinstatement and for summary judgment on the counterclaim can be considered defensive or reactive to the offensive action inferred from the debtor's statement. If Mobil's actions were taken in reaction to USA's offensive action, there would be no violation of the automatic stay.

USA's counsel argues that he did not intend any offensive action, and that the entirety of the circumstances at the time clearly indicate that no offensive action was taken or intended by USA to proceed on its counterclaim against Mobil in the District Court. USA further asserts that it was clear that its posture was defensive only because (a) the statements about the counterclaim were in the memorandum and not in the form of a motion under Rule 7(b)(1) of the Federal Rules of Civil Procedure, (b) it did not seek any specific relief, and (c) it only filed the memorandum in response to a request for briefing by the District Court.

While the Court sympathizes with USA's position, it is not persuaded by these arguments. Although USA's counsel may not have intended to take offensive action in the District Court, as he now so eloquently argues, he signalled Mobil's attorneys that (a) he had a right to do so, (b) he was reserving his option to do so, and (c) he was tired of Mobil delaying the case. That offensive feint furnished sufficient justification for Mobil's reactive move in trying to reinstate the case and to get a summary judgment hearing on USA's counterclaim.

The movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court order. *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir.1987). USA has not shown that Mobil has violated a court order by clear and convincing evidence. Accordingly, the motion for reconsideration is GRANTED. An appropriate order will be entered.

## ORDER

On March 19, 1993, this matter came before the Court upon the motion for reconsideration of order of contempt filed by Mobil Exploration & Producing U.S. Inc., Mobil Exploration & Producing Southeast Inc., Mobil Exploration & Producing North America Inc., Liskow & Lewis, and James McMichael. In accordance with the foregoing Reasons for Order,

**IT IS ORDERED** that the motion for reconsideration is **GRANTED.**

**IT IS FURTHER ORDERED** that the Order of Contempt issued on February 5, 1993 against Mobil Exploration & Producing U.S., Inc. and its attorneys of record, James McMichael and the law firm of Liskow & Lewis is **VACATED.**