**In re UNITED STATES ABATEMENT CORPORATION, a/k/a USA Corporation, FID 72–1100276.**

**Civ. A. No. 93–1560.**

United States District Court, E.D. Louisiana.

Aug. 2, 1993.

Lisa Kierstan Tanet, Fraser & Sterbcow, Richard W. Martinez, Tranchina & Martinez, New Orleans, LA, for appellant.

James D. McMichael, Sherman Gene Fendler, Liskow & Lewis, New Orleans, LA, for appellees.

*ORDER AND REASONS*

CLEMENT, District Judge.

Debtor United States Abatement Corporation's appeal of the Bankruptcy Court's March 26, 1993 order was considered this date on memoranda. For the reasons stated below, the Bankruptcy Court's ruling, 152 B.R. 78, is AFFIRMED, and the appeal is DISMISSED.

BACKGROUND

Mobil Exploration & Producing U.S., Inc., Mobil Exploration & Producing Southeast Inc., and Mobil Exploration & Producing North America, Inc. (collectively, Mobil) filed a complaint for interpleader, declaratory relief, indemnity, injunctive relief and damages on November 28, 1990. Civ. No. 90–4678. The dispute arises out of two contracts between Mobil and United States

Abatement Corporation (USA), for painting and sandblasting structures on the Outer Continental Shelf. On October 2 and 10, 1990, Mobil terminated the contracts. In the civil action, Mobil named as defendants USA, Delta Bank and Trust Company (Delta), an assignee of USA's accounts receivable, and the various unpaid subcontractors and vendors (lien claimants). USA and the lien claimants filed counterclaims against Mobil for amounts due under the contracts and subcontracts.

On March 13, 1992, USA filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. Because of this filing, Civ. No. 90–4678 was administratively closed for statistical purposes on March 16, 1992. On March 31, 1992, one of the lien claimants filed a motion to reinstate its cause of action in this Court. In response to the Court's request for briefing, USA filed a memorandum on April 30, 1992 indicating that it would not object to the actions of the lien claimants continuing. Also in that memorandum, USA stated its belief that it had the right to pursue its counterclaim against Mobil during the pendency of the stay, as offensive actions by the debtor are not precluded by the Bankruptcy Court's stay.

On March 17, 1992, Mobil filed in the Bankruptcy Court a motion for modification of the automatic stay to allow Mobil to proceed against USA in this Court. The Bankruptcy Court denied Mobil's motion on April 22, 1992.

On May 26, 1992, Mobil filed a "motion to reinstate USA's counterclaim against Mobil and for summary judgment dismissing USA's counterclaim against Mobil." The Court denied Mobil's motion to reinstate, and granted USA's motion to enforce the automatic stay, by Order and Reasons entered July 15, 1992, 1992 WL 176108.

USA filed in the Bankruptcy Court a motion for sanctions against Mobil, contending that Mobil's filing of its motion to reinstate USA's counterclaim and for summary judgment was in violation of the Bankruptcy Court's stay order. On February 8, 1993, the Bankruptcy Court denied USA's motion for sanctions, holding that sanctions for violation of a stay order, under 11 U.S.C. § 362(h) are not available to corporate parties such as USA. 150 B.R. 381 (Bankr.E.D.La.1993). However, in the same opinion, the Bankruptcy Court found that Mobil committed civil contempt by violating of the stay order, and awarded USA costs incurred as a result of that violation.

On March 26, 1993, the Bankruptcy Court granted Mobil's motion for reconsideration of the February 8 order, and vacated its finding of contempt. 152 B.R. 78 (Bankr.E.D.La.1993). The Bankruptcy Court reasoned that its stay did not preclude offensive actions by the debtor, and noted that USA had asserted that position in its memorandum filed in this Court.

USA has appealed the Bankruptcy Court's March 26, 1993 order, contending that Mobil did violate the stay order and that sanctions should be awarded to USA.

## ANALYSIS

As the Bankruptcy Court noted, the automatic stay does not apply to actions by the debtor in which the debtor is in an offensive posture. *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1204–05 (3d Cir.1992); *Martin–Trigona v. Champion Federal Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.1989); *Trans–Caribbean Lines, Inc. v. Tracor Marine, Inc.*, 49 B.R. 360, 362 (S.D.Fla.1985); *Boone v. Beacon Building Corp.*, 613 F.Supp. 1151, 1155 (D.N.J.1985); *In re Bona*, 110 B.R. 1012 (Bankr.S.D.N.Y.1990). At least one court has applied this principal to counterclaims filed by the debtor, holding that such counterclaims are not affected by the automatic stay. *Merchants & Farmers Bank v. Hill*, 122 B.R. 539, 546 (D.Ark.1990). Thus, Mobil did not violate the stay order by attempting to expedite the litigation of USA's counterclaim in this Court. The Court reaches this conclusion based on the aforementioned legal principles, *not* based on any implied waiver USA may have made by stating these principles in a memorandum submitted to this Court.

## PROCEDURAL NOTE

The parties have informed the Court that USA has filed three additional notices of appeal of the Bankruptcy Court's February 8 and March 26, 1993 orders, and that those appeals were assigned Civ. Nos. 93–389, 390 and 391. The Court has no record of such appeals, as those civil action numbers were assigned to actions unrelated to this controversy.

## CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Bankruptcy Court's ruling is AFFIRMED, and United States Abatement Corporation's appeal in Civ. No. 93–1560 is DISMISSED.