IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-3582
_____


IN THE MATTER OF:  UNITED STATES ABATEMENT CORPORATION,
a/k/a U.S.A. Corp.,

                              Debtor,


UNITED STATES ABATEMENT CORP.,
a/k/a U.S.A. Corp.,

                    Appellant,

     v.


MOBIL EXPLORATION & PRODUCING U.S., INC.,
agent Mobil Oil Exploration & Producing Southeast, Inc., and
MOBIL EXPLORATION & PRODUCING NORTH AMERICA, INC.,

                    Appellees.

_____

            Appeal from the United States District Court
               for the Eastern District of Louisiana
_____

                      (November 23, 1994)

Before KING, JOLLY, and STEWART, Circuit Judges.

KING, Circuit Judge:

     This appeal involves essentially two questions:  (1) whether

the bankruptcy court had subject matter jurisdiction to vacate an

order of contempt issued by that court against a creditor after

the creditor had filed a notice of appeal of that order; and (2)

whether the district court erred in holding that a corporate

debtor is not entitled to recover sanctions under 11 U.S.C. §

362(h) against a creditor who willfully violates the automatic stay of 11 U.S.C. § 362(a). For the reasons elaborated below, we conclude: (1) the bankruptcy court had subject matter jurisdiction to vacate its non-final contempt order; and (2) we need not answer the question of whether a corporate debtor may recover sanctions under 11 U.S.C. § 362(h) because we find that the creditor did not violate the automatic stay. Accordingly, we AFFIRM.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 13, 1992, United States Abatement Corporation ("USA") filed for reorganization pursuant to Chapter 11 of the Bankruptcy Code. Prior to filing for reorganization, a dispute arose between USA and Mobil Exploration and Producing, U.S., Inc. ("Mobil") which resulted in the termination by Mobil of two contracts with USA in which USA was supposed to sandblast and paint certain structures belonging to Mobil located on the Outer Continental Shelf.[1]

As a result of this contractual dispute, on November 28, 1990 (approximately fourteen months prior to USA's filing for reorganization), Mobil filed a complaint in federal court seeking a declaration of the amount (if any) it owed USA under the two

---

[1] Our opinion in a related appeal, also decided today, disposes of an assertion by USA that the claim of Mobil against USA should be equitably subordinated. See United States Abatement Corp. v. Mobil Exploration and Producing, U.S., Inc. (In re United States Abatement Corp.), No. 93-3581, _____ F.3d _____, slip op. at _____ (5th Cir. 1994).

contracts as well as damages for an alleged breach of those contracts by USA. Mobil named as defendants USA, Delta Bank and Trust Company (an assignee of USA's accounts receivable), and various unpaid subcontractors and vendors ("lien claimants") who provided services under the two contracts and who held potential liens against Mobil's property. USA and the lien claimants filed counterclaims against Mobil seeking to recover amounts due under the contracts and subcontracts.

The filing of Chapter 11 bankruptcy by USA resulted in an automatic stay of all actions against USA pursuant to 11 U.S.C. § 362(a); accordingly, the contractual suit by Mobil and the counterclaims by USA and the lien claimants were administratively closed by the district court. On March 17, 1992, Mobil filed a motion in the bankruptcy court seeking to lift the automatic stay so as to continue to litigate its contractual claim against USA. On March 31, 1992, one of the lien claimants filed a motion in the district court seeking reinstatement of its counterclaim against Mobil. Upon the request of the district court, USA filed a memorandum in support of reinstatement of the counterclaims against Mobil, asserting, *inter alia*, that "offensive" claims by the debtor are not subject to the automatic stay.

The bankruptcy court denied Mobil's request to lift the automatic stay. Mobil next filed a motion in the district court seeking to reinstate USA's counterclaim against Mobil and requesting summary judgment on that counterclaim. The district court denied Mobil's motion to reinstate, reasoning that the

3

counterclaim was within the ambit of the bankruptcy court's automatic stay. USA then asked the bankruptcy court to impose sanctions against Mobil pursuant to 11 U.S.C. § 362(h) or, in the alternative, to find Mobil in civil contempt of the bankruptcy court's stay, asserting that Mobil's attempt to reinstate USA's counterclaim was a willful violation of the stay. On February 8, 1993, the bankruptcy court denied USA's motion for sanctions pursuant to 11 U.S.C. § 362(h) on grounds that such sanctions are not available to corporations. However, the bankruptcy court agreed that Mobil had committed civil contempt by seeking to reinstate USA's counterclaim, ordered USA to file an itemization of the damages it had incurred, and ordered that a further hearing on damages would be held on request of any party.

On February 10, 1993, USA requested the bankruptcy court to reconsider its ruling that sanctions under 11 U.S.C. § 362(h) were not available to corporations. On February 12, 1993, Mobil filed its first notice of appeal regarding the contempt order. Four days later, on February 16, 1993, Mobil filed a second notice of appeal and also filed a motion asking the bankruptcy court to reconsider its finding of contempt. On February 19, 1993, Mobil filed a third notice of appeal.

On March 26, 1993, the bankruptcy court granted Mobil's motion for reconsideration and vacated its order of contempt. In re U.S. Abatement Corp., 152 B.R. 78 (Bankr. E.D. La. 1993). USA timely appealed this decision to the district court, which affirmed on grounds that reinstatement of a debtor's (i.e.,

4

USA's) original counterclaim was not an action "against the debtor" within the meaning of 11 U.S.C. § 362; thus, Mobil's motion to reinstate USA's counterclaim was not in contempt of the automatic stay.  In re U.S. Abatement Corp., 157 B.R. 278 (E.D. La. 1993).  Because its decision favored Mobil, the district court dismissed Mobil's three appeals.[2]

USA appeals the district court's decision on three grounds. First, USA contends that the bankruptcy court lacked subject matter jurisdiction to reconsider its contempt order because Mobil's notice of appeal operated as the filing of an objection pursuant to Bankruptcy Rules 9020(c) and 9033(b) which divested the bankruptcy court of jurisdiction to reconsider.  Because the bankruptcy court was without jurisdiction, USA contends that the district court's affirmance of the bankruptcy court's decision should be reversed.  Second, USA argues that Mobil's motion to reinstate USA's counterclaim was a willful violation of the automatic stay.  Third, USA contends that corporate debtors such as USA are entitled to recover sanctions under 11 U.S.C. § 362(h) against those who willfully violate the automatic stay.  We now proceed to address each of these claims.

## II.  STANDARD OF REVIEW

---

[2] Mobil has appealed the district court's dismissal of its three appeals in order to preserve those claims should this court reverse the district court.  Those appeals, docketed as Nos. 93-3622, 93-3623 and 93-3624, are being dismissed today in a separate order.

This appeal involves pure questions of law. First, we must determine whether the bankruptcy court had subject matter jurisdiction to reconsider its earlier contempt order given that Mobil had filed a notice of appeal to the district court. This court conducts a *de novo* review to determine whether a lower court had subject matter jurisdiction to entertain a case. Carney v. Resolution Trust Corp., 19 F.3d 950. 954 (5th Cir. 1994) (per curiam); Ceres Gulf v. Cooper, 957 F.2d 1199, 1204 (5th Cir. 1992). Second, we are asked to determine whether § 362(h) of the Bankruptcy Code permits a corporate debtor to obtain damages for a willful violation of the automatic stay. Third, we are asked to determine whether the bankruptcy court erred in vacating its earlier order of contempt on grounds that the Bankruptcy Code's automatic stay does not prohibit the reinstatement of a debtor's counterclaim. As these last two issues also involve pure questions of law, we likewise conduct plenary review.


**III. ANALYSIS**

*A. Did the bankruptcy court have subject matter jurisdiction?*

USA argues that Mobil's filing of a notice of appeal on February 12, 1993 divested the bankruptcy court of all further jurisdiction over the case. Thus, USA contends, the subsequent filing by Mobil of a motion to reconsider was of no effect because the bankruptcy court no longer had jurisdiction to entertain the motion.

6

More specifically, USA contends that Bankruptcy Rules 9020[3] and 9033[4] mandate that the only appropriate course of action in this case (and the one that Mobil, in effect, pursued) was for Mobil to seek review of the bankruptcy court's contempt decision by filing objections thereto with the district court.[5] The district court would then be obligated to provide a *de novo* review of the bankruptcy court's conclusions and determine

---

[3] Rule 9020 is labelled "Contempt Proceedings" and provides in relevant part:

(c) <u>Service and Effective Date of Order; Review.</u> The clerk shall serve forthwith a copy of the order of contempt on the entity named therein. The order shall be effective 10 days after service of the order and shall have the same force and effect as an order of contempt entered by the district court unless, within the 10 day period, the entity named therein serves and files objections prepared in the manner provided in Rule 9033(b). If timely objections are filed, the order shall be reviewed as provided in Rule 9033. . . .

Bankr. Rule 9020(c), 11 U.S.C.A. (West Supp. 1994).

[4] Rule 9033 is labelled "Review of Proposed Findings of Fact and Conclusions of Law in Non-Core Proceedings" and provides in relevant part:

(d) <u>Standard of Review.</u> The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

Bankr. Rule 9033(d), 11 U.S.C.A. (West Supp. 1994).

[5] We note that it is USA that has chosen to characterize the notices of appeal filed by Mobil in the bankruptcy court as an invocation of the review process contemplated by Bankruptcy Rule 9020. We address USA's arguments based on that characterization without expressing any opinion on whether that is a correct characterization.

whether an order of contempt was appropriate.  USA argues that the review procedure defined in Bankruptcy Rule 9020 is akin to an appeal in that it divests the court that issued the order of jurisdiction over the matter for which review is sought in the district court.

As an initial matter, we note that the Bankruptcy Code requires finality for appeals from bankruptcy court decisions to the district court, unless the district court grants leave to pursue an interlocutory appeal.  28 U.S.C. § 158(a); Smith v. Revie (In re Moody), 817 F.2d 365, 366 (5th Cir. 1987).  In this case, the bankruptcy court's contempt order was not a final order because no assessment of sanctions ever occurred.[6]  The Order of Contempt stated that USA must "file an itemization of the actual damages it has incurred as a result of Mobil's violation of the automatic stay on or before February 25, 1993.  Mobil may file a response thereto on or before March 8, 1993.  It is further ordered that a hearing on the dollar amount of damages to be imposed will be held upon the request of any of the parties."  This language clearly contemplates an assessment of damages in the future, and without an assessment of damages, the contempt order is merely interlocutory.

---

[6] Because the bankruptcy court in this case never issued a "final" order of contempt, we need not decide the question of whether the constitutional doctrine of separation of powers permits a bankruptcy court to issue an order of contempt.  See Bankr. Rule 9020, 11 U.S.C.A. advisory committee's note to 1987 amendments (West Supp. 1994) ("This rule, as amended, recognizes that bankruptcy judges may not have the power to punish for contempt.").

It is well-settled that a civil contempt order is not "final" for purposes of appeal unless two actions occur: (1) a finding of contempt is issued, and (2) an appropriate sanction is imposed. Cf. Petroleos Mexicanos v. Crawford Enter., Inc., 826 F.2d 392, 398 (5th Cir. 1987); Nasco, Inc. v. Calcasieu Television & Radio, Inc., 752 F.2d 157, 159 (5th Cir. 1985); accord Blalock Eddy Ranch v. MCI Telecommunications Corp., 982 F.2d 371, 374 (9th Cir. 1992); Dove v. Atlantic Capital Corp., 963 F.2d 15, 17 (2d Cir. 1992); Bernard v. American Cyanamid Co. (In re Tetracycline Cases), 927 F.2d 411, 412 (8th Cir. 1991); Combs v. Ryan's Coal Co., 785 F.2d 970, 977 (11th Cir.), cert. denied, 479 U.S. 853 (1986); Motorola, Inc. v. Computer Displays Int'l, 739 F.2d 1149, 1154 (7th Cir. 1984); Weyerhaeuser Co. v. International Longshoremen's and Warehousemen's Union Local 21, 733 F.2d 645, 645 (9th Cir. 1984). The requirement of finality is no different when it is the bankruptcy court (rather than the district court) which has failed to assess damages. Calcasieu Marine Nat'l Bank v. Morrell (In re Morrell), 880 F.2d 855, 856-57 (5th Cir. 1987); Shimer v. Fugazy (In re Fugazy Express, Inc.), 982 F.2d 769, 775 (2d Cir. 1992). As we said in In re Morrell:

> Determinations of liability without an assessment of damages are as likely to cause duplicative litigation in bankruptcy as they are in civil litigation and because bankruptcy litigants may appeal to district as well as to appellate courts, the waste of judicial resources is likely to be greater. The rule for appeals from bankruptcy decisions determining liability but not damages under 28 U.S.C. § 158(d) must . . . be the same as the rule under [28 U.S.C.] § 1291.

9

In re Morrell, 880 F.2d at 856-57. Indeed, in the specific context of a bankruptcy contempt order, the Seventh Circuit has held that, absent an assessment of sanctions, a bankruptcy court's order holding a creditor in civil contempt of a discharge injunction is not a "final judgment" from which an appeal may be taken. In re Behrens, 900 F.2d 97, 100 (7th Cir. 1990).

We think that the same considerations militating in favor of finality in the appeal context should operate in the context of Bankruptcy Rule 9020, and we therefore hold that because the bankruptcy court in this case had not yet assessed sanctions against Mobil, the order of contempt entered by the bankruptcy court was not yet sufficiently final so as to trigger the review process of Bankruptcy Rules 9020 and 9033.[7] Cf. Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737 (1976) ("where assessment of damages or awarding of other relief remains to be resolved [judgments] have never been considered to be `final' within the meaning of 28 U.S.C. § 1291."). Absent finality, the contempt order was merely an interlocutory order which the bankruptcy court was free to reconsider and vacate.

USA argues that Mobil's filing of a notice of appeal automatically divested the bankruptcy court of jurisdiction to

---

[7] USA argues that Bankruptcy Rules 9020 and 9033 do not contain a provision similar to that contained in Bankruptcy Rule 8002(b) or Rule 4(a) of the Federal Rules of Appellate Procedure which state that a timely filed motion for reconsideration vitiates antecedent notices of appeal. Because we find that the order of contempt "appealed" from was interlocutory, the special provisions of Bankruptcy Rules 9020 and 9033 are inapplicable and we need not address this issue at this time.

entertain Mobil's subsequent motion to reconsider. While it is generally true that a timely filing of a notice of appeal will divest a court of jurisdiction, this rule presupposes that there is a final judgment from which to appeal. In this case, however, we have determined that there was no final contempt judgment; hence, there can be no appeal absent express permission of the bankruptcy court to take an interlocutory appeal. 28 U.S.C. § 158(a); Smith v. Revie (In re Moody), 817 F.2d 365, 366 (5th Cir. 1987). As there is no right to appeal an interlocutory order, the notice of appeal filed by Mobil was simply premature and of no effect. Cf. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (noting that a "notice of appeal [is] ordinarily . . . ineffective [if] the judgment [is] not final when appealed . . . ."); see generally James William Moore, et al., 6 Moore's Federal Practice § 54.41[4] (2d ed. 1994).

*B. Does the automatic stay prohibit reinstatement of a debtor's offensive counterclaim? Are § 362(h) sanctions available to a corporate debtor?*

Section 362(h) of the Bankruptcy Code states that an "individual" is entitled to recover damages which flow from a willful violation of the automatic stay. 11 U.S.C. § 362(h). Both the bankruptcy court and the district court in this case determined that the term "individual" as used in § 362(h) does not include corporations; thus, both courts agreed that USA, a corporation, is not entitled to recover sanctions under this

11

section.  USA argues that this parsimonious interpretation of the term "individual" is erroneous and asks this court to pronounce that corporate debtors injured by willful violations of the automatic stay are entitled to sanctions under § 362(h).

In this case, however, we find that there has been no violation of the automatic stay; thus, we need not reach the question of whether § 362(h) sanctions are available to a corporate debtor.  The automatic stay of the Bankruptcy Code extends only to actions "against the debtor."  11 U.S.C. § 362(a).  We have previously held that counterclaims asserted by a debtor are not actions "against the debtor" which are subject to the automatic stay.  First Wis. Nat'l Bank of Milwaukee v. Grandlich Dev. Corp., 565 F.2d 879, 880 (5th Cir. 1978); accord Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1205 (3d Cir. 1991); Martin-Trigona v. Champion Fed. Sav. & Loan, 892 F.2d 575, 577 (7th Cir. 1989).  If a debtor's offensive claims are not subject to the automatic stay, *a fortiori* a creditor's motion to reinstate and seek summary judgment of such non-stayed claims is not subject to the automatic stay.  Thus, in this case, Mobil's motion to reinstate and obtain summary judgment on USA's offensive contractual claims was not a willful violation of the automatic stay.  Because we find no violation of the automatic stay by Mobil, the question of whether corporate debtors such as USA are "individuals" entitled to recover sanctions under § 362(h) for injury suffered as a result of a willful violation of the automatic stay need not be answered.

12

**IV. CONCLUSION**

For the foregoing reasons, we AFFIRM the judgment of the district court.