**In re Ruth WICHEFF, Debtor.**

**Ruth WICHEFF, Plaintiff–Appellant,**

**v.**

**Richard A. BAUMGART, Trustee,
Defendant–Appellee.**

BAP Nos. 97–8080, 97–8081, 97–8082.

United States Bankruptcy Appellate Panel
of the Sixth Circuit.

Jan. 29, 1998.

Argued Dec. 3, 1997.

Decided Jan. 29, 1998.

Alexander Jurczenko, Cleveland, OH, for Plaintiff–Appellant.

Richard A. Baumgart, Robert D. Barr, Dettelbach, Sicherman & Baumgart, Cleveland, OH, for Defendant–Appellee.

Before: RHODES, STOSBERG, and WALDRON, Bankruptcy Appellate Panel Judges.

## OPINION

Ruth Wicheff (the "Debtor"), appeals the bankruptcy court's denial of her claim to an exemption in insurance renewal commissions.

The Debtor also appeals the bankruptcy court's order finding her in contempt of court for failing to abide by the court's interim order which required her to turn over all postpetition insurance renewal commissions to Richard A. Baumgart, the Chapter 7 Trustee (the "Trustee"). The Panel affirms the bankruptcy court's orders granting summary judgment and sustaining the Trustee's objection to the Debtor's claimed exemptions. The contempt order is an interlocutory order and the Panel denies leave to appeal. Accordingly, the Debtor's appeal of the contempt order is dismissed.

## I. ISSUES ON APPEAL

A. Whether the bankruptcy court erred in denying the debtor an exemption in insurance renewal commissions under Ohio law.

B. Whether the contempt order is final and, if not, whether leave to appeal under Bankruptcy Rule 8003(c) should be granted.

## II. JURISDICTION AND STANDARD OF REVIEW

The Panel has jurisdiction over final orders of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1) and (c)(1). "A final order 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Belfance v. Bushey (In re Bushey)*, 210 B.R. 95, 98 (6th Cir. BAP 1997)(quoting *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989)). An order granting summary judgment is a final order for purposes of appeal. *Id.* The bankruptcy court's order sustaining the Trustee's objection to the Debtor's amended exemptions is also a final order. *See Slimick v. Silva (In re Slimick)*, 928 F.2d 304 (9th Cir.1990); *Gernat v. Belford (In re Gernat)*, 192 B.R. 601 (D.Conn.1996); *Garcia v. Garcia (In re Garcia)*, 168 B.R. 403 (D.Ariz. 1994).

A grant of summary judgment is reviewed de novo, and the determination of whether an exemption is allowed is a conclusion of law reviewed de novo, a standard

under which the Panel determines questions of law independently of the trial court's determination. *Corzin v. Fordu (In re Fordu),* 209 B.R. 854, 857 (6th Cir. BAP 1997).

The bankruptcy court's contempt order is not final and appealable because the court did not impose sanctions against the Debtor. *See United States Abatement Corp. v. Mobil Exploration and Producing United States, Inc. (In re United States Abatement Corp.),* 39 F.3d 563, 566–67 (5th Cir.1994). Under Bankruptcy Rule 8003(c), the Panel further denies the Debtor leave to appeal the interlocutory contempt order.

### III. FACTS

On October 24, 1996, the Debtor filed a Chapter 7 bankruptcy. At the time of the bankruptcy filing, the Debtor received insurance renewal commissions of approximately $500 per month arising from policies sold by her deceased husband.

The Debtor claimed an exemption in these commissions pursuant to OHIO REV.CODE ANN. § 2106.13, a probate statute which allows the surviving spouse to receive up to $25,000 as support from the deceased spouse's estate. OHIO REV.CODE ANN. § 2106.13 (Banks–Baldwin 1997). The Trustee timely objected to the Debtor's amended claim of exemption in the insurance renewal commissions, and the bankruptcy court sustained the Trustee's objection.

The Debtor also filed an adversary proceeding seeking a declaratory judgment with regard to her amended claim of exemption. The bankruptcy court entered summary judgment in favor of the Trustee, finding that the Debtor was not entitled to an exemption in these commissions.

On March 18, 1997, during a pretrial conference, the Trustee made an oral motion for an interim turnover order to protect the incoming commissions from dissipation. On April 3, 1997, the court issued an interim order requiring the Debtor to turn over the insurance renewal commissions to the Trustee pending the court's ultimate determination of the Debtor's entitlement to the claimed exemption. The Debtor appealed the interim order to the United States District Court but

did not move for a stay of the order pending appeal.

The Debtor failed to abide by the court's turnover order, and on May 20, 1997, the court issued an order for the Debtor to show cause why she should not be held in contempt for violating the court's order requiring turnover of the commissions. On May 22, 1997, the Debtor moved for a stay of the interim order pending appeal.

On May 23, 1997, the bankruptcy court conducted the show cause hearing, and subsequently, on June 4, 1997, entered an order denying the Debtor's motion for a stay and finding the debtor in contempt of the court's interim order entered April 3, 1997. The court ordered the Debtor to turn over all commissions forthwith but did *not* impose sanctions against her.

### IV. DISCUSSION

**A. The bankruptcy court properly denied the debtor an exemption in the insurance renewal commissions.**

Summary judgment in adversary proceedings is governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56. Under Rule 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c).

The facts of this case are not in dispute, and the sole issue with respect to both the order granting summary judgment and the order sustaining the Trustee's objection to the Debtor's amended exemptions is whether the Trustee was entitled to judgment as a matter of law. The determinative issue is whether the insurance renewal commissions are exempt property.

■ The bankruptcy court correctly found that the Debtor's interest in the insurance renewal commissions was property of the bankruptcy estate pursuant to 11 U.S.C. § 541. Insurance renewal commissions re-

ceived postpetition are property of the estate if all of the actions required to earn the commissions were completed prepetition. *See, e.g., Tully v. Taxel (In re Tully),* 202 B.R. 481 (9th Cir. BAP 1996)(real estate commissions received postpetition by debtor were property of the estate where "all the acts of the debtor necessary to earn [them] are rooted in the pre-bankruptcy past"); *Towers v. Wu (In re Wu),* 173 B.R. 411 (9th Cir. BAP 1994)(postpetition insurance and annuity renewal commissions for policies sold prepetition are property of the estate to the extent that the commissions were attributable to prepetition services); *In re Bluman,* 125 B.R. 359 (Bankr.E.D.N.Y.1991)(insurance renewal commissions received by debtor postpetition were property of the estate where the debtor had fulfilled all obligations necessary to earn the commissions prepetition). Since the Debtor's deceased husband fully earned the commissions at issue prior to his death approximately 15 months prepetition, the commissions, now in the hands of the Debtor, are property of the Debtor's estate.

■ The Debtor claimed an exemption in this estate property.

"An exemption is an interest withdrawn from the [bankruptcy] estate (and hence from the creditors) for the benefit of the debtor." *Owen,* 500 U.S. at 308, 111 S.Ct. at 1835. The bankruptcy code sets out the available federal exemptions at 11 U.S.C. § 522(d); however, in creating the federal bankruptcy regime, Congress also gave the states the choice of "opting out" of the federal system of exemptions and replacing the federal exemptions with their own exemptions established under state law. *See* 11 U.S.C. § 522(b)(1) (defining exempt property as that specified in the federal code "unless the State law that is applicable to the debtor ... specifically does not so authorize.") *Owen,* 500 U.S. at 308, 111 S.Ct. at 1835. Ohio has chosen to create its own set of bankruptcy exemptions. *See* O.R.C. § 2329.66.

*Resolution Trust Corp. v. Moreland (In re Moreland),* 21 F.3d 102, 105 (6th Cir.1994).

The Panel's review of § 2329.66 fails to reveal any specific exemption for insurance

renewal commissions, nor has the Debtor asserted such a specific exemption exists, or urged that any of the specific exemptions would be applicable to the insurance renewal commissions. Rather, the Debtor claimed an exemption in the commissions under OHIO REV.CODE ANN. § 2106.13. Section 2106.13 is a probate statute, which grants a widow an allowance for support from her deceased husband's estate in the sum of $25,000. Section 2106.13(A) provides, in pertinent part:

If a person dies leaving a surviving spouse and no minor children, leaving a surviving spouse and minor children, or leaving minor children and no surviving spouse, the surviving spouse, minor children, or both shall be entitled to receive, subject to division (B) of this section [which concerns the order of distribution of the support allowance], in money or property the sum of twenty-five thousand dollars as an allowance for support.

(Banks–Baldwin 1997).

The Debtor's sole authority in support of her position is *Norwood–Hyde Park Bank & Trust Co. v. Howard,* 32 Ohio N.P.(N.S.) 191 (Hamilton County 1934). This case is inapplicable in the present proceeding and provides no support for the Debtor's position. The case itself recognized that even the Ohio statutes at the time of the decision did not exempt the widow's allowance from her creditors; nevertheless, the court determined that the widow's allowance was exempt from execution by joint creditors of the decedent and his widow. *Id.* To the extent *Norwood–Hyde* correctly reflected Ohio law in 1934, such a position is inconsistent with existing pronouncements of the Ohio Supreme Court: "As in other instances of statutory interpretation, even a liberal construction of ORC § 2329.66 does not give us license to enlarge this statute or strain its meaning ... [W]e are not free, in interpreting this statute, simply to rewrite it on grounds we are thereby improving the law." *Daugherty v. Central Trust Co.,* 28 Ohio St.3d 441, 504 N.E.2d 1100, 1105 (1986).

The Panel rejects the Debtor's argument that the Ohio probate statutes protect the widow's allowance from *her* creditors. These statutes protect the widow's allowance from

creditors of the *decedent* who are left with claims against the *decedent's* estate. These statutes do not protect·the support allowance from creditors of the individual who receives the allowance, in this case, the Debtor.

The Panel further rejects the Debtor's argument that the legislature intended the probate statutes to apply in a bankruptcy case. The Ohio legislature provided specific exemptions to protect the rights of individuals who file bankruptcy. Those exemptions are established in OHIO REV.CODE ANN. § 2329.66 and do not include the insurance renewal commissions. An Ohio debtor's claim to an exemption, which is not the subject of a statutory provision, is not allowed: 11 U.S.C. § 522(b)(2); OHIO REV.CODE ANN. § 2329.66; *Daugherty*, 28 Ohio St.3d 441, 504 N.E.2d 1100 (1986).

Accordingly, the bankruptcy court properly determined that the insurance renewal commissions were property of the estate, pursuant to 11 U.S.C. § 541, and that the Debtor was not entitled to the exemption under Ohio law.

**B. The contempt order is not a final appealable order, and, as an interlocutory order, the Panel denies leave to appeal.**

■ The Panel has jurisdiction over final orders of the bankruptcy court under 28 U.S.C. § 158(a)(1). Although the concept of finality is applied " 'in a more pragmatic and less technical way in bankruptcy cases than in other situations,' " *see Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers (In re Dow Corning Corp.)*, 86 F.3d 482, 488 (6th Cir.1996) (citation omitted), *cert. denied,* —— U.S. ——, 117 S.Ct. 718, 136 L.Ed.2d 636 (1997), an order must end the litigation on the merits and leave nothing more for the court to do but execute the judgment in order to be considered a final order for purposes of appeal. *See In re Carrico,* 214 B.R. 842, 844 (6th Cir. BAP 1997) (citation omitted).

■ The bankruptcy court's contempt order required the Debtor to comply with the court's prior order requiring turnover of any commissions in her possession and all com-

missions received on an ongoing basis, but did not otherwise impose any further requirements, nor did it impose any specific sanction. A civil contempt order is not final unless: (1) a finding of contempt is issued, *and* (2) a sanction is imposed. *United States Abatement Corp. v. Mobil Exploration and Producing United States, Inc. (In re United States Abatement Corp.),* 39 F.3d 563, 567 (5th Cir.1994) (collecting cases). The contempt order in the present case is not final because the bankruptcy court did not impose sanctions. *Id.* at 566–67.

■ However, determining that the contempt order is not a final order for purposes of appeal does not end the inquiry. The Panel also is vested with jurisdiction to review interlocutory orders if the Panel grants leave to appeal. 28 U.S.C. § 158(a)(3). Although the Debtor in this case has not filed a motion for leave to appeal the contempt order under Bankruptcy Rule 8001(b), Bankruptcy Rule 8003(c) provides in part:

> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal.

FED. R. BANKR.P. 8003(c). The Advisory Committee Note explains the operation of Bankruptcy Rule 8003(c) and sets forth the options available to the reviewing court:

> Subdivision (c) provides that if a party mistakenly believes the order appealed from is final and files only a notice of appeal, the appeal is not automatically dismissed. The district court or bankruptcy appellate panel has the options to direct that a motion be filed, to decide exclusively on the papers·already filed to grant leave to appeal, or to deny leave to appeal. *Cf.* 28 U.S.C. § 2103.

FED. R. BANKR.P.8003(c) advisory committee's note. Accordingly, the Panel has discretion to review the interlocutory contempt order, and will consider the Debtor's timely-filed notice of appeal as a motion for leave to

appeal. *See Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R. 633 (S.D.N.Y.1997); *In re Dino's, Inc.*, 183 B.R. 779 (S.D.Ohio 1995).

■ The Bankruptcy Rules do not provide standards for determining when leave to appeal an interlocutory order should be granted. In the absence of such guidance within the Bankruptcy Rules, appellate courts reviewing the decisions of bankruptcy courts have applied the standards found in 28 U.S.C. § 1292(b), which define the courts of appeals' jurisdiction to review interlocutory orders. *Dino's*, 183 B.R. at 781; *Chateaugay*, 213 B.R. at 636; *Masters, Mates & Pilots Plans v. Lykes Bros. Steamship Co., Inc. (In re Lykes Bros. Steamship Co., Inc.)*, 200 B.R. 933, 938 (M.D.Fla.1996). Under § 1292(b), an appellant seeking review of an interlocutory order must show:

> (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation. Review under § 1292(b) should be sparingly granted and then only in exceptional cases.

*Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir.1993) (internal citations omitted). *See also Abel v. Shugrue (In re Ionosphere Clubs, Inc.)*, 179 B.R. 24, 28 (S.D.N.Y.1995) ("[L]eave to appeal from interlocutory orders should be granted only in 'exceptional circumstances' because to do otherwise would 'contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation.' ").

This case does not present the exceptional circumstances in which it would be appropriate to hear the appeal of an interlocutory order. On the contrary, hearing an appeal of the contempt order without being able to address the Debtor's probable challenge to the appropriateness of any sanction levied, should any sanctions ever be levied in the future against the Debtor, will result in a waste of judicial resources through needlessly duplicative proceedings and will unnecessarily delay, rather than materially advance,

the ultimate termination of this litigation. To the extent the Debtor's timely-filed notice of appeal should be treated as a motion for leave to appeal the bankruptcy court's interlocutory contempt order, the Panel denies leave to appeal in the circumstances of this case.

## V. CONCLUSION

The bankruptcy court correctly interpreted the Ohio exemption statutes and properly sustained the Trustee's objection to the Debtor's claim of exemption in the insurance renewal commissions. Both the bankruptcy court's order granting summary judgment in favor of the Trustee and the order sustaining the Trustee's objection to the exemption are **AFFIRMED**.

The order finding the Debtor in contempt for violating the court's turnover order is not a final order and, to the extent that the Debtor's timely-filed notice of appeal can be considered a motion for leave to appeal under Bankruptcy Rule 8003(c), the Panel denies leave to appeal the interlocutory contempt order. The Debtor's appeal from that order is **DISMISSED**.