*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. B.A.P. L.B.R. 8013-1(b). See also 6th Cir. B.A.P. L.B.R. 8010-1(c).*

**File Name: 10b0008n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: DECARLOS WALLER and LAILTA WALLER, Debtors. | ) ) ) ) ) ) | |
| SUSAN L. RHIEL, TRUSTEE, Appellant, v. DECARLOS WALLER and LAILTA WALLER, Appellees. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 10-8016 |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio at Columbus.
No. 08-59709.

Decided and Filed: September 7, 2010

Before: BOSWELL, McIVOR, SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Susan L. Rhiel, RHIEL & ASSOCIATES CO., LPA, Columbus, Ohio, for Appellant.

---

**OPINION**

---

MARILYN SHEA-STONUM, Bankruptcy Appellate Panel Judge. This is an appeal from a bankruptcy court order overruling the objections of the chapter 7 trustee (the "Trustee") to Debtors' claimed exemptions in tax refunds. For the reasons that follow, we AFFIRM the order of the bankruptcy court.

## I. ISSUE ON APPEAL

Whether the bankruptcy court properly allowed Debtors' claimed exemptions in tax refunds over the objections filed by the Trustee.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). An order on an objection to a debtor's claim of exemption is a final order for purposes of appeal. *See Baumgart v. Alam* (*In re Alam*), 359 B.R. 142, 145 (B.A.P. 6th Cir. 2006) (citing *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 840 (B.A.P. 6th Cir. 1998)).

The bankruptcy court's findings of fact are reviewed under the clear-error standard, and its conclusions of law are reviewed *de novo*. *Behlke v. Eisen* (*In re Behlke*), 358 F.3d 429, 433 (6th Cir. 2004). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940, 944 (6th Cir. 2007) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504,

2

1511 (1985)). "De novo means that the appellate court determines the law independently of the trial court's determination." *Treinish v. Norwest Bank Minn., N.A.* (*In re Periandri*), 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001) (citations omitted).

## III. FACTS

Debtors filed a voluntary chapter 7 petition on October 9, 2008. On their initial Schedule B - Personal Property and Schedule C - Property Claimed as Exempt Debtors neither listed nor claimed an interest or exemption in any tax refunds. On November 14, 2008 (four days before the scheduled first meeting of creditors), Debtors filed amended Schedules B and C. Amended Schedule B lists "Possible 2008 Tax Refunds" of $4,100 and Amended Schedule C claims exemptions in "Possible 2008 Tax Refunds" of $1,750 pursuant to Ohio Revised Code § 2329.66(A)(18); $650 pursuant to Ohio Revised Code § 2329.66(A)(3); and an "unknown" amount pursuant to Ohio Revised Code § 2329.66(A)(9)(g).[1]

On November 24, 2008, the Trustee filed a motion seeking an order requiring Debtors to file income tax returns and to turn over to her any resulting tax refunds. An order granting that motion was entered on December 22, 2008 (the "Tax Order"). In February 2009 Debtors prepared and filed separate tax returns and provided copies to the Trustee. Refund checks totaling $10,200 were sent directly from the taxing authorities to the Trustee pursuant to the Tax Order. At some point during this same time, the Trustee discovered that Debtors had a bank account that they had not previously disclosed which had, as of the petition date, a balance of $1,112.90.

---

[1] Ohio's exemption statute was significantly amended in 2008. Those amendments became effective on September 30, 2008, and applied to Debtors' chapter 7 case which was filed on October 9, 2008. Ohio Revised Code § 2329.66(A)(3) is the exemption provision for tax refunds generally and § 2329.66(a)(9)(g) is the exemption provision for an earned income tax credit. Ohio Revised Code § 2329.66(A)(18) is the "wildcard" exemption provision which applies only in bankruptcy proceedings and, as amended, provides for an exemption not to exceed $1,075. The Trustee's objections did not address the fact that Debtors claimed an exemption pursuant to Ohio Revised Code § 2329.66(A)(18) of $1,750 and not $1,075.

On May 12, 2009, Debtors again amended their Schedules B and C to list the previously undisclosed bank account as an asset and to claim a $50 exemption therein. Debtors did not amend Schedule B to change the amount of their 2008 tax refund from "possible" in the amount of $4,100 to the $10,200 actually received by the Trustee. Debtors also did not amend Schedule C to change their claimed but "unknown" amount of the exemption in those refunds pursuant to Ohio Revised Code § 2329.66(A)(9)(g).

On May 20, 2009, the Trustee filed an objection to the exemption claimed as "unknown" and on May 22, 2009, she filed an objection to the other two claimed exemptions in the tax refunds. Debtors filed a response to these objections and a hearing on the matter was held before the bankruptcy court on August 4, 2009.

Following that hearing, Debtors again filed amended Schedules B and C. Debtors amended Schedule B to reflect tax refunds in the amount of $10,642[2] and they amended Schedule C to delete the claimed exemption of $650 pursuant to Ohio Revised Code § 2329.66(A)(3) and to change the exemption pursuant to Ohio Revised Code § 2329.66(A)(9)(g) from "unknown" to $7,219. Based upon those final amendments Debtors ultimately sought to claim $8,969 of the tax refunds as exempt. The Trustee then filed another objection to Debtors' claimed exemptions.

On February 23, 2010 the bankruptcy court issued a Memorandum Opinion and Order overruling the Trustee's objections and requiring the Trustee to turn over to Debtors the exempt portion of Debtors' tax refunds. The Trustee timely appealed that decision. Debtors have not filed any documents in this appeal.

---

[2] As noted by the bankruptcy court, the parties did not offer any explanation as to the discrepancy between the amount of funds remitted to the Trustee by the taxing authorities ($10,200) and the amount listed by Debtors in their third amended Schedule B ($10,642).

IV. DISCUSSION

Section 522(l) of the Bankruptcy Code provides that "[u]nless a party in interest objects, the property claimed as exempt . . . is exempt." 11 U.S.C. § 522(l). The party objecting to the exemption (in this case, the Trustee) bears the burden of proving, by a preponderance of the evidence, that an exemption is not properly claimed. Fed. R. Bankr. P. 4003(c); *In re Mann*, 201 B.R. 910, 915 (Bankr. E.D. Mich. 1996). If the objecting party fails to carry her burden, the exemption will stand. *In re Mann*, 201 B.R. at 915.

Federal Rule of Bankruptcy Procedure 1009(a) provides that a debtor may amend his schedules "as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). Such right is not unfettered and courts may refuse to allow an amendment where a debtor has acted in bad faith, where property has been concealed, or where a prejudice to creditors would result. *Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir. 1984); *In re Robinson*, 292 B.R. 599, 609 (Bankr. S.D. Ohio 2003) (and cases cited therein). Whether a debtor should be prohibited from amending his schedules is determined by an examination of the totality of the circumstances. *Id.* at 609.

The Trustee did not contend that Debtors had no basis pursuant to Ohio law to claim exemptions in the tax refunds. Instead, the Trustee argued that Debtors should not have been allowed to amend their Schedule C so late in the case and well after they knew the exact amount of the tax refund and, thus, the exact amount of the exemptions they were entitled to under the applicable provisions of Ohio Revised Code § 2329.66(A).

In its Memorandum Opinion the bankruptcy court set forth what it deemed to be the crux of the parties' arguments:

> At the Hearing, the Trustee acknowledged that this was not a case where debtors concealed property of the estate. Nor did she allege that these debtors acted in bad faith. Instead, she argued that the Debtors did not act in good faith because they failed to properly disclose, or timely and accurately amend their schedules to

properly claim an exemption in the tax refunds. The Trustee's argument that the Debtors have not acted in good faith boils down to the fact that they filed schedules disclosing tax refunds in incorrect amounts and claiming exemptions in amounts that were "unknown," which created additional work for her. She argued that it is not her duty - as a panel trustee acting on behalf of the estate - to calculate an appropriate exemption amount; rather, it is the responsibility of debtor's [sic] counsel, who is compensated for performing those services.

In response, the Debtors' counsel argued that the claimed exemptions were clarified prior to the § 341 meeting and that the Trustee had adequate notice of those exemptions. In addition, the Debtors testified at their § 341 meeting that they expected a refund. The Debtors' tax returns were sent to the Trustee pursuant to the Tax Order and amended schedules were filed in May 2009 to disclose a bank account. The Debtors' counsel argued that because the Trustee had the tax returns for several months before she received the actual refunds, she easily could have calculated the amount of the earned income tax credit exemption.

The bankruptcy court then went on to hold that, based upon the facts presented in the case and upon its review of the record, "the Trustee falls far short of meeting her burden of proving that the Debtors' exemptions are not properly claimed" and that "the Trustee . . . failed to provide a legally cognizable basis for disallowance of the Debtors' claimed exemptions." In support of that finding the bankruptcy court relied upon what it considered the Trustee's lack of evidence at the hearing: "At the Hearing, no evidence of bad faith, concealment or even improper disclosure, as alleged, was offered. In fact, the Trustee did not call the Debtors to testify, although they were present at the Hearing." The bankruptcy court also relied upon the Trustee's failure to establish any prejudice to creditors: "First, the Notice of Chapter 7 Bankruptcy Case . . . , advised creditors that there were no assets and they did not need to file claims unless otherwise notified. . . . Although the Trustee served a notice to file claims . . . and proofs of claims were filed, no distributions have been made on those claims."

After making its finding that the Trustee failed to carry her burden of proof, the bankruptcy court went on to state as follows:

6

It is clear that both the Debtors' counsel and the Trustee bear some responsibility for the course of events that gave rise to this dispute. Debtors' counsel failed to fully and promptly amend the schedules to accurately disclose the amount of the tax refunds and exemptions once known, i.e., at the time he provided the Trustee with copies of the tax returns. His glib remark at the Hearing - that it was just as easy for the Trustee to do the calculation - did not serve his clients well. And the Trustee was certainly justifiably frustrated by Debtors' counsel's cavalier attitude toward his responsibilities. On the other hand, in the amount of time it took the Trustee to prepare and file the Original Objection, the Amended Objection and the Renewed Objection, and then to prepare for and attend the Hearing, she easily could have calculated the amount of the Debtors' exemptions and returned the exempt portion of the refunds to them. The Court recognizes that this is technically not the responsibility of a Chapter 7 trustee, but questions whether, in this instance, it was a reasonable use of her time and the estate's resources to prosecute her objections to the Debtors' exemptions when it was clear that the Debtors were not at fault. . . . True, counsel for Chapter 7 debtors should not attempt to shift the chore of calculating exemption amounts to panel trustees. But, given the fact that many Chapter 7 trustees routinely undertake this task, the Court cannot conclude that Debtors' counsel's expectation that the Trustee would do so in this case was manifestly unreasonable.

On appeal, the Trustee focuses primarily on this portion of the Memorandum Opinion and contends that the bankruptcy court erred as a matter of law in finding that it was the duty of the Trustee - and not Debtors - to calculate the proper amount of exemptions claimed in an "unknown" amount.

The Trustee never contended that Debtors were not entitled to claim exemptions in the tax refunds pursuant to Ohio law. Instead, the Trustee argued that Debtors should have been precluded from amending their Schedule C so late in the case. Based upon the evidence (or lack thereof) presented at the hearing, the bankruptcy court found that these particular Debtors did not act in bad faith, that creditors of the estate would not be prejudiced, and, therefore, that these Debtors should not be precluded from amending their Schedule C. Such factual findings are supported by the record and, thus, are not clearly erroneous. Accordingly, those findings of fact will not be disturbed on appeal.

Given its finding that these Debtors did not act in bad faith and that their creditors would not be prejudiced, the bankruptcy court held, as a matter of law, that the Trustee failed to meet her

7

burden of proving that Debtors' claimed exemptions should not be allowed. The bankruptcy court correctly allocated the burden of proof and its legal conclusion in that regard also will not be disturbed on appeal.

The Trustee's focus on the portion of the bankruptcy court's Memorandum Opinion which mentions that she could have calculated Debtors' exemptions on her own is misplaced and her contention that this statement is a "finding" by the bankruptcy court is without merit. That portion of the opinion is neither a finding of fact nor a conclusion of law and it did not form the basis for the bankruptcy court's holding. *See California v. Rooney*, 483 U.S. 307, 311, 107 S. Ct. 2852, 2854 (1987); *United States v. Wynn*, 579 F.3d 567, 577 (6th Cir. 2009).

## V. CONCLUSION

For the foregoing reasons, the bankruptcy court's order overruling the Trustee's objections and directing the Trustee to turn over to Debtors the exempt portion of the tax refunds is AFFIRMED.