In re Michael E. CARRICO, Debtor.

BAP Nos. 97–8026, 97–8028, 97–8030, 97–8031.

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Argued Sept. 3, 1997.

Decided Dec. 2, 1997.

Myron N. Terlecky, Strip, Fargo, Schulman & Hoppers, Columbus, OH, argued, Myron N. Terlecky, Mark W. Iannotta, Strip, Fargo, Schulman & Hoppers, Columbus, OH, on Brief, for Appellee.

Max Kravitz, Patrick A.T. West, Columbus, OH, Michael E. Carrico, Westerville, OH, argued, Max Kravitz, Grady L. Pettigrew, Jr., Arter & Hadden, Patrick A.T. West, Columbus, OH, Michael E. Carrico, Westerville, OH, on Brief, for Appellants.

Before: BAXTER, LUNDIN, and STOSBERG, Bankruptcy Appellate Panel Judges.

## OPINION

Michael E. Carrico (the "Debtor"), Gina M. Dougherty, Danny W. Bank and Patrick A.T. West appeal three orders entered by the bankruptcy court after a civil contempt hearing. The first order, entered on February 5, 1997, held Appellants in contempt (the "Contempt Order"). The second order, entered on March 6, 1997, denied Appellants' objections to the Contempt Order (the "March 6 Order"). The judgment, entered on March 12, 1997 (the "Judgment"), imposed sanctions on Appellants including attorney fees, expenses and interest. Because Rules 9020(c) and 9033(b) and (d) of the Federal Rules of Bankruptcy Procedure required the bankruptcy court to submit its Contempt Order and Appellants' objections to the district court, we vacate the March 6 Order, dismiss the appeals of the Contempt Order and Judgment, and remand.

## I. ISSUE ON APPEAL

Whether Appellants' timely objections to the bankruptcy court's Contempt Order required de novo review by the district court

pursuant to Bankruptcy Rules 9020(c) and 9033(b) and (d).

## II. JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Southern District of Ohio authorized appeals to the Bankruptcy Appellate Panel of the Sixth Circuit. No party elected to opt-out of review by the BAP.

■ The BAP has jurisdiction to hear the appeal of a final order of the bankruptcy court. 28 U.S.C. § 158(a). A final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879, 887 (1989) (citations and internal quotations omitted). An order of contempt by a bankruptcy court is not a final order if a timely objection is filed pursuant to Bankruptcy Rules 9020(c) and 9033(b). We write only to explain that the BAP is without jurisdiction to review the bankruptcy court's contested Contempt Order.

## III. FACTS AND PROCEDURAL HISTORY

In 1995, the Debtor filed a Chapter 13 case that was voluntarily converted to Chapter 7. The Appellee, Myron N. Terlecky, was appointed Chapter 7 trustee.

On January 31, 1996, the bankruptcy court heard the Trustee's motion to obtain credit to renew a liquor license that was property of the estate. The Trustee revealed to the bankruptcy court that the Debtor had contracted, without the Trustee's knowledge, to sell the license. The Trustee related that sale proceeds were held in escrow by Gina Dougherty, an attorney representing the Debtor with respect to the sale. The Trustee recounted unsuccessful attempts to obtain the proceeds, the license, or information about the sale. The Debtor and his bankruptcy counsel, Patrick A.T. West, were present. At the conclusion of the hearing, the bankruptcy court ordered Dougherty to turnover the sale proceeds by 5:00 p.m. on January 31, 1996, or appear on February 1, 1996, to explain why she should not be held in contempt.

Dougherty neither turned over proceeds nor appeared in court on February 1, 1996. The bankruptcy court issued an "Order to Show Cause for Civil Contempt Pursuant to FRBP 9020(b)." This order required turnover of the sale proceeds before 5:00 p.m. on February 1, 1996, and directed the Debtor, Dougherty and Danny W. Bank (the buyer's attorney) to appear on February 2, 1996, to show cause why they should not be held in contempt "based upon the unauthorized transfer of the license and the failure to turn over the funds from the sale to the Trustee." This order was amended on March 1, 1996, to include West as a respondent.

Bank turned over the sale proceeds to the Trustee on February 2, 1996. The bankruptcy court continued the contempt hearing. The bankruptcy court took evidence on the Order to Show Cause on March 20, 1996 and August 15, 1996.

On February 5, 1997, the bankruptcy court issued a memorandum and order that held the Debtor, West, Bank and Dougherty in civil contempt. *In re Carrico*, 206 B.R. 447 (Bankr.S.D.Ohio 1997). Bank, Dougherty, West and the Debtor filed timely objections pursuant to Bankruptcy Rules 9020(c) and 9033(b). On March 6, 1997, the bankruptcy court denied all objections to the Contempt Order. By Judgment entered March 12, 1997, the bankruptcy court sanctioned Appellants jointly and severally, for expenses and attorney fees incurred by the Trustee.

West, Bank, Dougherty and the Debtor appealed the Contempt Order, the March 6 Order, and the Judgment.

## IV. DISCUSSION

Bankruptcy Rule 9020(b) fixes the procedure in bankruptcy court to determine contempt committed outside the presence of the bankruptcy judge:

(b) **OTHER CONTEMPT.** Contempt committed in a case or proceeding pending before a bankruptcy judge, except when determined as provided in subdivision (a) of this rule, may be determined by the bankruptcy judge only after a hearing on

notice. The notice shall be in writing, shall state the essential facts constituting the contempt charged and describe the contempt as criminal or civil and shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense. The notice may be given on the court's own initiative or on application of the United States attorney or by an attorney appointed by the court for that purpose. If the contempt charged involves disrespect to or criticism of a bankruptcy judge, that judge is disqualified from presiding at the hearing except with the consent of the person charged.

FED.R.BANKR.P. 9020(b). Subsection (c) of Bankruptcy Rule 9020 describes the effect of objections to a bankruptcy judge's order of contempt:

> (c) **SERVICE AND EFFECTIVE DATE OF ORDER; REVIEW.** The clerk shall serve forthwith a copy of the order of contempt on the entity named therein. The order shall be effective 10 days after service of the order and shall have the same force and effect as an order of contempt entered by the district court unless, within the 10 day period, the entity named therein serves and files objections prepared in the manner provided in Rule 9033(b). If timely objections are filed, the order shall be reviewed as provided in Rule 9033.

FED.R.BANKR.P. 9020(c). If timely objections are filed, Rule 9033(d) assigns to the district court responsibility to review contested contempt orders:

> (d) **STANDARD OF REVIEW.** The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

FED.R.BANKR.P. 9033(d).

Here, the bankruptcy court stated in its Order to Show Cause and in the Contempt Order that Rule 9020(b) applied. The Appellants each referenced Rules 9020(c) and 9033(b) in their timely objections to the Contempt Order. These rules required the bankruptcy court's Contempt Order and the timely objections to be reviewed de novo by the United States District Court for the Southern District of Ohio. There is no provision in the Federal Rules of Bankruptcy Procedure for review of a bankruptcy court's contested contempt order by a Bankruptcy Appellate Panel.

■ District court review of a contested contempt order differs from ordinary appellate review of bankruptcy court orders. The standard of review of a contested contempt order "to which specific objection has been made" is "*de novo* upon the record or, after additional evidence. . . ." FED.R.BANKR.P. 9033(d) (emphasis added). The "ordinary" standard of appellate review of bankruptcy court findings of fact is the more deferential "clearly erroneous" standard. *See* FED.R.BANKR.P. 8013.

■ The less deferential standard for review of contested contempt orders is the same standard prescribed by Bankruptcy Rule 9033 for district court review of "noncore" matters. However, with respect to contempt orders, Rule 9020(c) draws no distinction between core and non-core. The special review procedures in Bankruptcy Rule 9033 are triggered by the filing of objections to a bankruptcy court's contempt order, without regard to the "core" or "noncore" nature of the controversy. As explained by one court, "[a] logical reading of Rule [9020] indicates that any exercise of a bankruptcy court's contempt power will be subject to immediate supervision by the district court upon objection." *In re Williams,* 213 B.R. 189, 195–96 (Bankr.M.D.Ga.1997). *Accord In re Alpern,* 191 B.R. 107, 111 (N.D.Ill.1995) (Rule 9020(b) and (c) applies to core and noncore contempt matters).

A few reported decisions have held or suggested that the "core/noncore" characterization of a contempt proceeding affects applica-

tion of Bankruptcy Rules 9020(c) and 9033.[1] This distinction is not found in the Bankruptcy Rules and no statute requires this departure from the allocation of responsibility in Bankruptcy Rules 9020(c) and 9033.

Bankruptcy jurisdiction is vested in the district courts. *See* 28 U.S.C. § 1334(a) & (b). Section 157 of Title 28 permits district courts to refer Title 11 cases and civil proceedings to the bankruptcy judges for the district. 28 U.S.C. § 157(a). Bankruptcy judges "may hear and determine . . . all core proceedings . . ., subject to review under section 158 of [Title 28]." 28 U.S.C. § 157(b)(1). Absent consent, in noncore proceedings "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district court." 28 U.S.C. § 157(c); *see* FED.R.BANKR.P. 9033. Nothing in 28 U.S.C. § 157 mandates that bankruptcy judges enter final orders in all core proceedings, only that they may. Rule 9020(c) works within 28 U.S.C. § 157 to establish special procedures for review of contested contempt orders.

■ Under Rule 9020(c), Appellants' timely objections required the bankruptcy court to transmit its Contempt Order to the district court for de novo review. Having failed to do so, the March 6 Order "denying" Appellants' objections must be vacated.

■ Appellants also appeal the Contempt Order itself and the Judgment for sanctions. BAP jurisdiction extends only to final orders of bankruptcy judges and interlocutory orders under 11 U.S.C. § 1121(d) or for which leave to appeal is granted. *See* 28 U.S.C. § 158(a). Rule 9020(c) provides that a bankruptcy court's contempt order "shall be effective 10 days after service of the order and shall have the same force and effect as an order of contempt entered by the district court, unless within the 10 day period, the entity named therein serves and files objections prepared in the manner provided in Rule 9033(b)." FED.R.BANKR.P. 9020(c). This rule suspended finality of the Contempt Order upon the filing of Appellants' objections. No party has requested leave to appeal, nor do we believe the BAP has authority to short circuit review by the district court by granting leave to appeal a contested contempt order. The appeals of the Contempt Order and the Judgment[2] must be dismissed.

## V. CONCLUSION

The March 6, 1997 order denying Appellants' objections to the Contempt Order is vacated and remanded to the bankruptcy court to transmit the Contempt Order, the objections and the Judgment for sanctions to the district court for review consistent with Rules 9020(c) and 9033(b) and (c). The ap-

1. *See Monarch Life Ins. Co. v. Ropes & Gray (In re Monarch Capital Corp.)*, 173 B.R. 31, 36–36 (D.Mass.1994) (contempt order may be core or noncore depending on the nature of the proceeding out of which it arises; if contempt order is core, it is not governed by Rules 9020(c) and 9033), *aff'd on other grounds*, 65 F.3d 973 (1st Cir.1995); *Kimco Leasing, Inc. v. Knee*, 144 B.R. 1001, 1006 n. 3 (N.D.Ind.1992) (declining to follow standard of review in Rule 9033 because no party asserted contempt order was a noncore matter, and the parties did not bring the matter before the district court pursuant to Rules 9020 and 9033); *In re Spanish River Plaza Realty Co., Ltd.*, 155 B.R. 249 (Bankr.S.D.Fla.1993) (finding Rule 9020 inapplicable to contempt orders entered in core proceedings); *In re Duggan*, 133 B.R. 671, 674 (Bankr.D.Mass.1991) (contempt in a core proceeding is not subject to de novo review under 28 U.S.C. § 157(c)(1)).

2. The entry of a judgment imposing sanctions ripens an order of contempt for appeal. *See*

*Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 965 (6th Cir.1976) (a civil contempt order generally is considered interlocutory); *United States Abatement Corp. v. Mobil Exploration & Producing U.S., Inc. (In re United States Abatement Corp.)*, 39 F.3d 563, 567 (5th Cir.1994) (An order of contempt is "final" for appeal purposes only after an appropriate sanction is imposed.) (citations omitted). The same principal has been applied in the context of Bankruptcy Rule 9033 review of a contempt order by a district court. *In re United States Abatement Corp.*, 39 F.3d at 567 (absent a judgment imposing sanctions "the order for contempt entered by the bankruptcy court was not yet sufficiently final so as to trigger the review process of Bankruptcy Rules 9020 and 9033"); *In re Behrens*, 900 F.2d 97, 100 (7th Cir.1990). That the bankruptcy court here entered a judgment for sanctions may be necessary for district court review under Rule 9033(d); but a sanctions judgment does not transform a contested order of contempt into a final order that is reviewable by the BAP.

peals of the contested Contempt Order and the Judgment are dismissed.